**Commonwealth v. Fiorini**

*Genevieve W. Settwo, Assistant District Attorney*, for appellant.
*John Havey*, for appellee.

ROWLEY, *J.*, October 24, 1975—This case is before the court on an "appeal" of Trooper Owen B. Bowser, of the Pennsylvania State Police, from a decision of District Justice of the Peace Rody Maravich adjudging defendant not guilty of a violation of section 1002B-6 of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §1002. Defendant argues that the court has no jurisdiction to hear an appeal by the prosecutor in a summary case. We have concluded that, under the particular facts of this case, the matter must be remanded to the justice of the peace for an appropriate hearing.

From the testimony produced at the hearing before us and the entire record that has been submitted, it appears that Trooper Bowser, on July 13, 1975, issued a citation to defendant charging him with violating section 1002B-6 of The Vehicle Code. The citation was filed with District Justice of the Peace Rody Maravich on the same day. On July 25, 1975, one of Magistrate Maravich's secretaries called the State Police barracks in Chippewa Township and notified Sergeant Rendar that a hearing would be held in defendant's case on August 14, 1975, at 4 p.m. No written notice of the hearing was sent to the State Police and they were

not sent a copy of the hearing notice which was sent to defendant. Trooper Bowser appeared at Magistrate Maravich's office on August 14, 1975, at 4 p.m. and was informed that the hearing had been held on the previous day, that is on August 13, 1975, and that because of his failure to appear at that time the charge against defendant had been dismissed. When Trooper Bowser requested that another hearing be scheduled and held in the matter, Magistrate Maravich advised him that that could not be done and his only recourse was to file an "appeal." In due course, Trooper Bowser filed a document entitled "Appeal of Prosecutor." It is that "appeal" that is presently before us. Defendant offered no testimony to contradict or dispute the above-recited facts as described by the Commonwealth's witnesses.

Defendant argues that the court has no jurisdiction to hear the prosecutor's "appeal" since Pa.R.Crim.P. 67 only provides for an appeal by a *defendant* who has been *convicted*. If this were actually an "appeal" following an appropriate hearing, we would be compelled to agree with defendant. However, regardless of the designation affixed to Trooper Bowser's application to the court, we do not consider this to be an "appeal" under Rule 67. On the contrary, we consider what is now before us as an application by the prosecutor to the court, under its general supervisory powers over justices of the peace, to enforce or require compliance with applicable rules of procedure.*

It is to be noted that Pa.R.Crim.P. 55(2) requires that the magistrate "[n]otify the defendant *and the*

---

*While we believe the better procedure would be to bring such matters before the court by petition and rule, we will not dismiss Trooper Bowser's application for failure to do so, since the procedure followed by him was the one recommended by the district justice of the peace.

*police officer* of the date and hour fixed for the trial" of a summary case. (Emphasis supplied.)

Rule 4D of the Rules Governing Standards of Conduct of Justices of the Peace likewise requires that: "A justice of the peace shall accord to *every* person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law. . ." (Emphasis supplied.)

It is clear from the facts, as found by the court in this case, that neither of these rules were complied with by the district justice of the peace. Trooper Bowser, the Pennsylvania State Police and the Commonwealth were not notified either of the correct date or the correct hour set for the trial of defendant's case. The Commonwealth in this case was never given an opportunity "to be heard according to law." There can be no question that such a procedure applied to a defendant in a summary proceeding would be set aside as a nullity. To deny the same right to the Commonwealth and the prosecutor would be to make a mockery of the entire criminal justice system. Not only is defendant entitled to notice and an opportunity to be heard, but the Commonwealth and prosecutor are entitled to the same elements of due process and fair play; nor is the law helpless to correct a situation where such elements are lacking.

Rule 17 of the Rules Governing Standards of Conduct of Justices of the Peace delegates to the Court of Common Pleas "general supervision and administrative control over justices of the peace" within the judicial district. We believe that this is an appropriate case for the exercise of that supervision and control to correct what is a glaring miscarriage of justice. Whether or not defendant is guilty is not the issue at this time. The issue presently

before us is whether the Commonwealth and the prosecutor may be deprived, for whatever reason, of the opportunity to appear and be heard according to law. We hold that they may not be so deprived and that this court has the power to require that that opportunity be made available to them.

For these reasons, we make the following

## ORDER

Now, October 24, 1975, after hearing, this matter is remanded to district justice of the peace, Rody Maravich, with instructions to hold an appropriate hearing, after proper notice to defendant and the prosecutor of the date and hour for such hearing.